OPINION
Defendant-appellant Richard Hans appeals from the March 30, 2001, Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 13, 1995, defendant-appellant Richard Hans [hereinafter appellant] entered a plea of guilty to two counts of rape, in violation of R.C. 2907.02, one count of sexual battery, in violation of R.C.2907.03, one count of corruption of a minor, in violation of R.C.2907.04, one count gross sexual imposition, in violation of R.C.2907.05, two counts of felonious sexual penetration, in violation of R.C. 2907.12, and one count of disseminating matter harmful to juveniles, in violation of R.C. 2907.31. In total, the trial court sentenced appellant to an indeterminate term of incarceration of not less than ten nor more than 25 years.
The charges arose from appellant's 11 year sexual abuse of his niece, beginning when the girl was five years of age. The niece lived with appellant and his family throughout this period of time.
Upon the recommendation of the prison warden that appellant be classified as a "sexual predator" for purposes of R.C. Chapter 2950, the trial court conducted a classification hearing pursuant to R.C.2950.09. The hearing was held on March 28, 2001. Prior to the hearing, appellant filed several motions to dismiss the proceeding on constitutional grounds, i.e. ex post facto, retroactivity, double jeopardy and void for vagueness. The trial court overruled these motions and proceeded with the hearing.
At the conclusion of the evidentiary portion of the hearing, the trial court reviewed the evidence presented. The trial court noted the disparity in ages between appellant and his victim. Appellant was between the ages of 37 and 48 during the 11 year period of abuse, while the victim was between the ages of 5 and 17. In addition, the trial court found that appellant abused a position of trust since appellant was not only the victim's uncle, but her guardian and surrogate father. The trial court further found that the abuse was not isolated nor minimal. The trial court noted that the abuse included forcing the victim to watch pornographic video tapes as well as taping her and him having sex and forcing her to repeatedly watch that tape as well. The trial court concluded that this evidence clearly and convincingly demonstrated that appellant was a sexual offender who was likely to re-offend. It is from the trial court's Judgment Entry classifying appellant as a sexual predator that appellant appeals, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 [hereinafter H.B. 180] PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H. B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H. B. 180 IS UNCONSTITUTIONALLY VAGUE.
 ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
In the first assignment of error, appellant contends that Ohio's sexual predator law permits ex post facto application of a punitive statute. We disagree.
Previously, the Ohio Supreme Court found that H.B. 180 does not violate the Ex Post Facto Clause of the United States Constitution. State v.Cook (1998), 83 Ohio St.3d 404; Reaffirmed, State v. Williams (2000),88 Ohio St.3d 513, 516.
However, appellant argues that Cook can be distinguished from the casesub judice. Appellant points out that, among the distinguishable facts, is the fact that the defendant in Cook was sentenced after H.B. 180 took effect and appellant, in this case, was sentenced in 1995, before the law took effect. We are unpersuaded. This Court has previously determined that the reasoning in Cook is applicable in situations where the appellant was sentenced prior to the effective date of the law. State v.Everly (Dec. 20, 1999), Stark App. No. 1999CA00125, unreported, 2000 WL 1637; State v. Burns (July 17, 2000), Stark App. No. 1999CA00375, unreported. H.B. 180, as applied to appellant, does not violate the ExPost Facto Clause.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that H.B. 180 violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. This issue also has been decided by the Ohio Supreme Court.
In State v. Williams (200), 88 Ohio St.3d 513, 528, the Court found the following:
 The Double Jeopardy Clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Fifth Amendment to the United States Constitution; see, also, Section 10, Article I, Ohio Constitution. Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense. See Kansas v. Hendricks, 521 U.S. at 369, 117 S. Ct. at 2085, 138 L.Ed.2d at 519, Witte v. United States (1995), 515 U.S. 389, 396, 115 St. Ct. 2199, 2204, 132 L.Ed.2d 351, 361. The threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment. Hudson v. United States
(1997), 522 U.S. 93, 101, 118 S. Ct. 488, 494, 139 L.Ed.2d 450, 460.
 This court, in Cook, addressed whether R.C. Chapter 2950 is a "criminal" statute, and whether the registration and notification provisions involved "punishment".
 Because Cook held that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, R.C. 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. We dispose of the defendants' argument here with the holding and rationale stated in Cook.
Pursuant to State v. Williams, supra, and State v. Cook,83 Ohio St.3d 404, appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant argues that H.B. 180 is unconstitutionally vague. Appellant's assignment is overruled on the authority of State v. Williams (2000), 88 Ohio St.3d 513, 528. InWilliams, the Ohio Supreme Court found that R.C. Chapter 2950 is not void for vagueness. The Court found that the statute sets forth "sufficient specific guidelines to prevent arbitrary and discriminatory enforcement" and "provides an adequate standard upon which to make a sexual predator determination". Id. at 532. Further, the Court noted that even if the terms of R.C. 2950.09 are worded broadly, a certain level of broadness in the language allows for individualized assessment rather than an across-the-board rule. Id. This allows for fact-specific determinations. Id.
Based upon the authority of State v. Williams, supra, appellant's third assignment of error is overruled.
 IV
In his fourth and final assignment of error, appellant contends that the trial court's classification of him as a sexual predator, as defined in R.C. 2950.01(E), was not supported by clear and convincing evidence. Specifically, appellant contends there was no evidence that appellant was likely to reoffend. We disagree.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant was convicted of two counts of rape, one count of sexual battery, one count of corruption of a minor, one count of gross sexual imposition, two counts of felonious sexual penetration, and one count of disseminating matter harmful to juveniles.
In making a determination as to whether an offender should be adjudicated a sexual predator, the trial court shall consider all relevant factors, including, but not limited to all of the factors specified in division(B)(2) of R.C. 2950.09. See R.C.2950.09(C)(2)(b). Those factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. 2950.09(C)(2)(b).
We review appellant's assignment of error under the manifest weight of the evidence standard set forth in C. E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. See e.g. State v. Elbert (March 20, 2000), Stark App. No. 1999CA00193, unreported, 2000 WL 329899. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
At the hearing on March 28, 2001, the State admitted into evidence the Indictment, the Judgment Entry/Change of Plea and Sentence, the Sexual Predator Screening Instrument/ Institution Summary Report, Rights Form and the testimony of Detective James Little of the Louisville Police Department. In addition, the appellant testified on his own behalf. The trial court, in finding by clear and convincing evidence that appellant was a sexual predator, specifically made the following findings on the record at the hearing:
 THE COURT: Now, in considering the factors which the Court is required to consider under Revised Code 2950.09(B)(2), the Court notes that at the time of these offenses the offender was between the ages of 37 and 48 years old.
 The Court further notes that the victim at the time of the offenses was between the ages of 5 and 17, 5 and 16 or 17 years old, I believe there was testimony that she was 17 at the time of the latest incident.
So clearly there is a significant age differential.
 In addition to that, the victim was the Defendant's niece. According to the information presented to this Court and available to this Court, she was moved into the Defendant's home when her mother was unable to care for her.
 So the Defendant held a position of trust. The Defendant was to be the adult. The Defendant was to be acting as the one who nurtured the victim, and instead the Defendant was for a number of years, a great many years, molesting the victim.
 The Defendant was molesting the victim for an approximate 11 year period which started with fondling when the Defendant was bathing the victim and then the activities increased in severity as time went along and were repeated and frequent acts of molestation over this 11 year period.
 That went from, as the Court said, fondling to requiring and forcing the victim to view pornographic tapes to forcing her to perform oral sex on the Defendant to then performing, having the Defendant performing oral sex on the victim, and by the age of 13 the victim was then forced to have intercourse with the Defendant.
 There is also information that indicates that the Defendant and/or the Defendant's son and certainly the Defendant knew about this because he admitted to having video taped the victim.
 So with respect to Subdivision 2(H), clearly the conduct as set forth not only by the Court just now but by the witnesses and in argument by the Prosecuting Attorney is very serious and truly invaded this young victim.
 With respect to the programs in which the Defendant has participated, while the Court believes that that is a step in the right direction, the Court does not find that there is sufficient evidence to indicate that the Defendant who is still confined in prison in a very controlled environment has actually overcome the impulses which caused him to engage in this repeated behavior involving the molestation of his niece.
 The Court therefore finds in reviewing the factors that the State of Ohio has proven by clear and convincing evidence that it is appropriate for this Court to adjudicate the Defendant as a sexual predator, and the Court so finds that the Defendant is a sexual predator.
Transcript at 43-46.
We find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings that appellant was a sexual predator. At the hearing, the State presented James Little, a Louisville Police Department Detective, who testified about his investigation of the offenses. Detective Little testified that the victim reported the abuse to her school counselor, who in turn notified the proper authorities. Detective Little stated that the victim told him that appellant, who was her uncle, had lived with her for 12 years, and had been sexually abusing her since she was six years old. Initially, appellant would give her baths and fondle and talk to her about sex at those times. When the victim was 11 or 12, appellant progressed to more fondling and eventually to oral sex and sexual intercourse. When he started having intercourse with the girl, appellant would show her pornographic video tapes. Appellant once video taped them having sex, and later made the victim watch the tape.
The victim claimed that she felt that she had to submit to appellant's demands for sex or else he would hurt her. Detective Little testified that he interviewed a friend of the victim. The friend testified that while spending the night with the victim, appellant and the victim had an apparent physical confrontation. Appellant wanted to engage in "activity" with the victim. When the victim refused, appellant slapped the victim around. The friend remembered hearing crying and screaming. Transcript at 12-13.
Detective Little interviewed appellant at the time of his arrest. At first, appellant denied ever sexually abusing his niece. However, he later recanted and admitted to the abuse. Appellant confessed that he had shown the victim pornographic video tapes and would fondle her. Appellant admitted that he began to have sexual intercourse with her when she was either 12 or 13. Appellant further admitted that he would have the victim perform fellatio on him and he would perform cunnilingus on her. Finally, appellant admitted that he had once video taped them having sex, but he did not know where the tape was.
At the classification hearing, appellant testified that he had completed the Magellan Program for Sex Offenders and participated in SLAA. The Magellan Program involved group therapy. Appellant described SLAA as a 12-step program, somewhat similar to "AA" (presumably referring to Alcoholics Anonymous). Transcript at 25.
Appellant admitted to his guilt at the hearing and that he had taken advantage of the girl he cared for. Appellant denied hitting the victim. However, appellant admitted that he was an authority figure in the victim's life and that misuse of that position was a form of force.
While appellant participated in counseling while incarcerated, we find that there was competent, credible evidence to support the trial court's finding that appellant is a sexual predator. Further, we find that the finding is not against the manifest weight of the evidence.
Appellant's fourth assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
Hon. Julie Edwards, P.J. Hon. William Hoffman, J. Hon. John Boggins, J. concurs.